# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| INGRID FISHER, *et al.*, | § | |
|    Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1731 |
| | § | |
| HALLIBURTON, *et al.*, | § | |
|    Defendants. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on Defendants' Motion to Reconsider and/or Clarify Order Denying Motion to Dismiss With Respect to Combatant Activities Exception [Doc. # 35], to which Plaintiffs filed their opposition [Doc. # 41] and Defendants filed a reply [Doc. # 42]. Based on the Court's review of the full record in this case and the application of relevant legal authorities, the Court concludes that the Motion to Reconsider should be denied as clarified herein.

Defendants' Motion to Reconsider was filed July 18, 2005, ten business days after the Court's July 1, 2005 Memorandum and Order [Doc. # 32]. Accordingly, it is properly considered under Rule 59(e) of the Federal Rules of Civil Procedure. "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the

judgment issued." *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotations and citations omitted). A motion for reconsideration is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

The Court concludes that its prior holding – that the combatant activities exception recognized by the Ninth Circuit in *Koohi v. United States*, 976 F.2d 1328, 1333-34 (9th Cir. 1992), *cert. denied*, 508 U.S. 960 (1993), does not apply to Defendants in this case – is correct. Initially, as the Court noted previously, the *Koohi* decision applying the FTCA's "combatant activities" provision to government contractors has been cited only by a single court, and not in this judicial circuit. *See Bentzlin v. Hughes Aircraft Co.*, 833 F. Supp. 1486, 1489 (C.D. Cal. 1993). Moreover, as noted previously, Defendants still have cited no case in which the "combatant activities" exception has been held to bar claims against a defense contractor other than in situations in which the contractor has provided allegedly defective products, and this Court declines to extend *Koohi* beyond its current boundaries. As a result, the Court denies Defendants' Motion to Reconsider the Court's ruling on the "combatant activities" exception.

With reference to the "government contractor defense based on the discretionary function exception," Defendants clearly are entitled to raise that issue in a motion for summary judgment should Plaintiffs' allegations that Defendants acted contrary to the military's specifications not be supported by the evidence following an adequate time for discovery. Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Reconsider [Doc. # 35] is **DENIED** as clarified herein.

SIGNED at Houston, Texas, this **18th** day of **August, 2005**.

_____
Nancy F. Atlas
United States District Judge