IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| INGRID FISHER, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1731 |
| | § | |
| HALLIBURTON, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Reginald Cecil Lane's Motion to Intervene [Doc. # 90]. Because Lane was not a driver or other participant in the convoy at issue in this case, his Motion to Intervene is **denied**.

All Plaintiffs in this case were drivers in the Hamill convoy that was attacked by Iraqi insurgents in April 2004. Lane, also a driver in Iraq, was not in the Hamill convoy He was, instead, in a different convoy identified as the Longstreet convoy. The Longstreet convoy was attacked after the Hamill convoy, after all convoys were directed to seek safe haven, and in a location an hour north of where the Hamill convoy was attacked. The Longstreet convoy departed from Camp Cedar II, not from Camp Anaconda, where the Hamill convoy originated; was traveling in a different direction than the Hamill convoy; and was traveling north of the Baghdad International Airport

when attacked, in contrast to the Hamill convoy which was traveling south.[1]

Plaintiff is not entitled to intervention as a matter of right under Rule 24(a) of the Federal Rules of Civil Procedure or to permissive intervention under Rule 24(b).

Unless there is a federal statute conferring an unconditional right to intervene, a motion to intervene as of right is governed by Federal Rule of Civil Procedure 24(a)(2). A motion to intervene under Rule 24(a)(2) is proper when:

> (1) the motion to intervene is timely; (2) the potential intervener (sic) asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which she seeks to intervene; (3) the disposition of that case may impair or impede the potential intervener's ability to protect her interest; and (4) the existing parties do not adequately represent the potential intervener's interest.

*Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004). Although a court may deny intervention as a matter of right for a proposed intervenor's failure to satisfy any one of these elements, the Fifth Circuit has noted that "the inquiry under subsection (a)(2) is a flexible one, which focuses on the particular facts and circumstances surrounding each application," and concluded that "intervention of right must be measured by a practical rather than technical yardstick." *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005) (quoting *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996)

---

[1] Further, Plaintiffs allege that the Hamill convoy was deployed as a decoy to draw fire away from the separate Reina convoy. While proposed Intervenor Lane appears superficially to adopt this allegation, it makes no sense in context of the rest of the allegations concerning the Longstreet convoy, which was a potential beneficiary of the alleged decoy role of the Hamill convoy.

(internal quotation marks and citations omitted)*)*.  Intervention should generally be allowed where "no one would be hurt and greater justice could be attained." *Ross,* 426 F.3d at 753 (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (internal quotation marks and citation omitted)).

Proposed Intervenor Lane has not met at least two of the Rule 24(a)(2) requirements.  Lane does not assert an interest that is related to the specific events that form the basis of the controversy in this case.  The facts relating to the Longstreet convoy have not been the subject of any discovery.  Moreover, as explained below, the motion to intervene is not timely.

The Court also rejects Lane's request for permissive intervention.  Rule 24(b)(2) states that a party may be entitled to permissive intervention where "an applicant's claim or defense and the main action have a question of law or fact in common."  FED. R. CIV. P. 24(b)(2).[2]  However, "[p]ermissive intervention is a matter 'wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied.'" *Staley v. Harris*

---

[2] "The decision to permit intervention under Rule 24(b)(2) requires a threshold determination that the applicant's claim or defense and the main action have a question of law or fact in common." *Newby v. Enron Corp.*, 443 F.3d 416, 421 (5th Cir. 2006) (citing *Howse v. S/V Canada Goose I,* 641 F.2d 317, 322 (5th Cir. 1981) (citing FED. R. CIV. P. 24(b)(2)))."The determination is not discretionary; it is a question of law." *Id.* (citing *Howse,* 641 F.2d at 322 (citing *Stallworth v. Monsanto Co.,* 558 F.2d 257, 269 (5th Cir. 1977))).  The parties do not appear to dispute that there is at least one common question of fact or law between Lane's and Plaintiffs' claims.

*County, Texas*, 160 Fed.Appx. 410, 414 (5th Cir. 2005) (citing *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471 (5th Cir. 1984)); *see Kneeland v. Nat'l. Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987) ("even [where] there is common question of law or fact, or the requirements of 24(b) are otherwise satisfied," a district court may deny permissive intervention if intervention would "unduly delay or prejudice the adjudication of the rights of the original parties.")

Intervention must be sought "timely," whether intervention is sought as a matter of right or permissively. *See* FED. R. CIV. P. 24(a)(2), 24(b). "There are several factors that are relevant to the determination whether an application to intervene is timely, including: (1) the length of time the proposed intervenor knew or should have known of its interest in the case, (2) the extent of the prejudice that existing parties may suffer by the proposed intervenor's delay in moving to intervene, (3) the extent of the prejudice that the would-be intervenor would suffer if intervention is denied, and (4) any unusual circumstances that bear upon the timeliness of the application." *Trans Chem. Ltd. v. China Nat. Machinery Import and Export Corp.*, 332 F.3d 815, 822 (5th Cir. 2003). In this case, Lane's injuries occurred more than two years ago. This lawsuit was filed in state court more than one year ago and has been pending in this court for almost a year. All discovery to date has been carefully focused on the Hamill

convoy, not the Longstreet convoy.[3]  Lane's intervention would unnecessarily complicate this action.  There are likely to be separate witnesses concerning the events in issue as to the separate convoys.  The intervention would further delay the progress of this case.  Therefore, the Court concludes that Lane's Motion to Intervene is untimely.  The Court declines to grant permissive intervention.  Accordingly, it is hereby

**ORDERED** that Lane's Motion to Intervene [Doc. # 90] is **DENIED** and the Complaint in Intervention [Doc. # 91] is **STRICKEN**.

SIGNED at Houston, Texas, this **8th** day of **May, 2006.**

_____
Nancy F. Atlas
United States District Judge

---

[3] It is noted that Lane has not shown that he will suffer prejudice from denial of intervention in this suit. But even if there were such a showing, the Court would decline to grant this motion in light of the other circumstances presented. Any prejudice to Lane is the result of his unexplained delay in seeking to intervene or to file his own lawsuit.