# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| INGRID FISHER, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-05-1731 |
| | § | |
| HALLIBURTON, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

| | | |
|---|---|---|
| REGINALD CECIL LANE, *et al.*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-06-1971 |
| | § | |
| HALLIBURTON, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the court are plaintiffs' motions to compel non-party deposition testimony of Keith Richard.  (05-1731 Dkt. 279; 06-1971 Dkt. 122).  Upon consideration of the motion, the responses of the defendants and Richard, the motion is GRANTED IN PART and DENIED IN PART as detailed below.

## BACKGROUND

On December 4 and 5, 2009, the plaintiffs took the deposition of Keith Richard, a former employee of the defendants.  During Richard's deposition, both his attorney and the attorney for the

defendants instructed Richard not to answer certain questions.  Plaintiffs move the court to compel Richard to answer these questions.  Defendants and Richard responded and asserted various privileges or explanations for the instructions not to answer.

ANALYSIS

The questions at issue in this motion to compel fall roughly into six categories.  The court will address each in turn.

**1.      Documents Reviewed in Preparation for Deposition**

The first group of questions may be loosely categorized as those regarding which documents Richard reviewed in preparation for his deposition.[1]  Richard argues that the selection and compilation of documents for his deposition constitutes protected opinion work product.  For this proposition he cites two district court cases.  *SEC v. Brady*, 238 F.R.D. 429, 442 (N.D. Tex. 2006) ("[D]ocuments, including business records, that were specifically selected and compiled by a party or its representative in preparation for litigation are opinion work product because the mere acknowledgment of their selection would reveal mental impressions concerning the potential litigation.") (citing *Petersen v. Douglas County Bank & Trust Co.*, 967 F.2d 1186, 1189 (8th Cir. 1992)); *Freeport McMoran Sulpher, LLC v. Mike Mullen Energy Equip. Resource, Inc.*, No. Civ.A. 03-1496, 2004 WL 595236 (E.D. La. Mar. 23, 2004).  While the Fifth Circuit has not addressed the question directly, it has suggested in dicta that the mere compilation of documents by itself is not opinion work product.  *See In re Internat'l Sys. & Controls Corp. Securities Litigation*, 693 F.2d 1235, 1240 (5th Cir. 1982) (noting that material compiled in binders by investigative audit committee in response to SEC request for information was not opinion work product because it was

---

[1]  Questions is this category are: Page 40, Lines 2–5; Page 41, Lines 21–24; Page 191, Lines 18–22; Page 332 Line 18–21; Page 333, Lines 7–17, 18–22; and Page 354, Lines 6–10.

2

not the "mental impressions, conclusions, opinions or legal theories of an attorney").  Moreover, to

imbue every compilation of documents reviewed by a witness before testifying—at trial or at

deposition—with work product privilege protection would all but write Rule 612 of the Federal

Rules of Evidence out of existence.  Rule 612 reads in relevant part that

> [I]f a witness uses a writing to refresh memory for the purpose of testifying, either
> (1) while testifying, or (2) before testifying, if the court in its discretion determines
> it is necessary in the interests of justice, an adverse party is entitled to have the
> writing produced at the hearing, to inspect it, to cross-examine the witness thereon,
> and to introduce in evidence those portions which relate to the testimony of the
> witness.

FED. R. EVID. 612.  Therefore, the court finds that absent any independent privilege attached to the

documents, the identity of the documents Richard reviewed in preparation for his deposition is not

privileged.  Any conversations between Richard and his counsel regarding those documents would,

of course, be privileged.

### 2.        Discussions with Defendants' Counsel in Preparation for Deposition

The next set of questions regards communications between the defendants' counsel and

Richard in preparation for his deposition.[2]  The plaintiffs argue that communications between

Richard—a former supervisory employee of defendants—and counsel for defendants are not

privileged.  They cite a district court case from Pennsylvania which found that when a corporate

counsel assists in the preparation of an ex-employee for deposition, the communications between

them are not necessarily privileged.  *United States ex rel. Hunt v. Merck-Medco Managed Care,*

*LLC*, 340 F. Supp. 2d 554, 556 (E.D. Pa. 2004).  Additionally, they contend that the Fifth Circuit

does not recognize the common legal interest doctrine outside of the joint defense or potential joint

defense scenario.  *See In re Santa Fe Internat'l Corp*, 272 F.3d 705, 710 (5th Cir. 2001).  Richard

---

[2] Questions in this category are: Page 41, Lines 15–20; Page 329, Lines 14–21; and Page 392, Lines 11–21.

is not a co-defendant or a potential co-defendant in this case.  Therefore, they reason that the common legal interest doctrine as interpreted by the Fifth Circuit does not apply to shield communications between Richard and the defendants' counsel.

The defendants frame the question somewhat differently.  They contend that the communications are covered by the *Upjohn* doctrine which protects communications between corporate counsel and employees provided the communications relate to the scope of the employee's corporate duties.  *Upjohn Co. v. United States*, 449 U.S. 383, 394, 101 S. Ct. 677 (1981).  The court agrees.  The *Upjohn* court expressly declined to decide whether the doctrine extended to cover former employees.  *Id.* at n.3.  And, the Fifth Circuit has yet to address it.  However, the Fourth Circuit in *In re Allen* has examined *Upjohn*'s applicability to former employees.  *In re Allen*, 106 F.3d 582, 605–06 (4th Cir. 1997).  It concluded that because former employees could "possess information needed by the corporation's lawyers" to enable them "to give sound and informed advice" the underlying purpose articulated by the Supreme Court in *Upjohn* applied with equal force to former employees.  *Id.* at 606 (quoting *Upjohn*, 449 U.S. at 390).  The court finds this reasoning to be persuasive.

In the instant case, Richard's deposition testimony and preparation for deposition almost exclusively concerns events within the scope of his duties while working for defendants.[3]  Were Richard still employed by the defendants, there would be no question that the communications would be privileged under *Upjohn*.  Therefore, the court finds that all communications between Richard and the defendants' counsel are protected as privileged provided they relate to events concerning Richard's duties while employed by defendants.

---

[3] Plaintiffs do ask some questions regarding Richard's mental health—past and current, but the court will assume that the defendants' counsel did not communicate with Richard regarding that topic.

4

3.       **Richard's Mental Health**

The next set of questions all regard Richard's mental and emotional state.[4]  The plaintiffs

argue that Richard should answer these questions for two main reasons.  First, they argue that

Richard opened the door when he used his emotional state both during and after the incident as a

sword to evoke sympathy.  And second, they contend that Richard has used his mental and emotional

state as a shield when he claimed in his deposition to have blocked out many of the events at issue

because the incident caused him emotional distress.  Richard responds that these questions invade

his therapist privilege.  Additionally, he argues that the questions were designed to harass, intimidate

or embarrass him.  Further, he urges the court that the requested information is irrelevant or at the

very least more prejudicial than probitive.  The court disagrees.

The therapist privilege—assuming one exists—protects only communications between

patient and therapist.  *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 471 (N.D. Tex. 2005)

(citing *Jaffee v. Redmond*, 518 U.S. 1, 9, 116 S. Ct. 1923 (1996)).  None of the questions at issue

here involve conversations that passed between Richard and a therapist.  Therefore, unless the

plaintiffs' inquiry attempts to delve into actual communications between Richard and a therapist, any

applicable privilege does not act to protect Richard's answers.  More importantly, Richard has put

his emotional state during and after the incident squarely at issue.  He might have been able to argue

that the questions were irrelevant had he not.  However, in light of his deposition testimony, the

court finds that he opened the door to questions regarding (1) whether he is currently on, or has been

on in the past, medication that might affect his ability to remember events; (2) whether he is now,

or has been in the time since the incident, under care due to mental or emotional problems; and (3)

_____

[4] Questions in this category are: Page 538, Line 5 through Page 539, Line 6, and Page 540, Lines 10–16.

5

his emotional reactions to the incident both at the time and in the interval between the incident and the present.

### 4.      Richard's Counsel's Retention and Compensation

The fourth group of questions inquire about the circumstances surrounding Richard's retention and payment of his counsel in this matter.[5]  Plaintiffs asked Richard how he found his attorneys and who was paying for them.  They argue that the questions go to bias, prejudice or motivation of the witness.  Further, they contend that Richard can answer these questions without disclosing any information that would be covered by the attorney/client privilege.  Richard counters that he cannot answer without disclosing privileged communications.  The court disagrees.  Richard can answer the questions without disclosing privileged information.  For example, he could answer that counsel for the defendants referred him to his present counsel—assuming for the sake of argument that they did—without discussing the events in the conversation.  Communications are privileged; facts are not.  These questions do not attempt to elicit privileged information and therefore, Richard must answer those questions he has not already answered on this issue.[6]

### 5.      Incident Investigation

The next set of questions involves the investigation that the defendants undertook after the incident.[7]  More specifically, they relate to Richard's meetings—if any—with the attorney in charge of the investigation.  The question of the scope of the privilege covering that investigation is still under consideration by the court.  Therefore, the court tables the issue of these particular questions

---

[5] Questions in this category are: Page 11, Line 22 through Page 12, Line 1; Page 12, Lines 4–7; Page 13, Lines 12–13; and Page 334, Lines 3–7.

[6] Richard argues that he has already answered the question regarding compensation, saying that he does not know.  Any objections to  questions that Richard has already answered are moot.

[7] Questions in this category are: Page 16, Line 22 through Page 17, Line 4; Page 29, Lines 12–17; Page 29, Lines 21–25; Page 335, Lines 2–6, Page 336, Line 17–20

pending its ruling on the larger issue of the scope of the privilege regarding the defendants' investigation of the incident.

## 6.    Other Questions

The last category of questions is those questions that the witness refused to answer because they were improper or harassing.[8]  The parties by informal agreement allowed Richard to refuse to answer questions that under the Texas Rules of Civil Procedure would be abusive or would lead to a misleading answer.  *See* TEX. R. CIV. P. 199.5.  Therefore, absent any other standard, the court will review the questions for relevance to determine whether Richard should answer.  Relevance is a fairly broad standard and is governed by Rule 26(b)(1) as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of *any matter relevant to the subject matter involved in the action*. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

FED. R. CIV. P. 26(b)(1) (emphasis added).  After reviewing the questions in this category, the court find that the questions located at Page 91, Lines 8 through 17 are relevant, and therefore Richard must answer them.  All other questions in this category do not meet even the broad Rule 26 standard for relevance.

---

[8]Questions in this category are: Page 27, Lines 6–14; Page 91, Lines 8–17; and Page 351, Lines 11–21.

## CONCLUSION

Pending before the court are plaintiffs' motions to compel non-party deposition testimony of Keith Richard.  (05-1731 Dkt. 279; 06-1971 Dkt. 122).  As detailed above the motion is GRANTED IN PART and DENIED IN PART.  To the extent that future questions not addressed in this order fit into one of these categories, the parties should be guided by the court's decisions here.

It is so ORDERED.

Signed at Houston, Texas on February 25, 2009.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY