UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| INGRID FISHER, *et al.*, | § § § § | |
| *Plaintiffs*, | § | |
| v. | § | CIVIL ACTION H-05-1731 |
| HALLIBURTON, *et al.*, | § § § | |
| *Defendants*, | § | |

| | | |
|---|---|---|
| KEVIN SMITH-IDOL, | § § § | |
| *Plaintiff*, | § | |
| v. | § | CIVIL ACTION H-06-1168 |
| HALLIBURTON, *et al.*, | § § § | |
| *Defendants* | § | |

| | | |
|---|---|---|
| REGINALD LANE, *et al.*, | § § § | |
| *Plaintiffs*, | § | |
| v. | § | CIVIL ACTION H-06-1971 |
| HALLIBURTON, *et al.*, | § § § | |
| *Defendants*. | § | |

## ORDER

Pending before the court is defendants' motion for leave to designate responsible third parties. Dkts. Fisher 261, Lane 111, Smith-Idol 85. Upon consideration of the motion, the plaintiffs' responses, the reply, and the applicable law, the motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

This case arises out of an attack by Iraqi insurgents on civilian contractors driving fuel convoys in Iraq. The facts have been outlined in several previous orders of the court and need not be repeated here. *See* Fisher Dkt. 168. Among the claims brought by the plaintiffs are state law claims including fraud, wrongful death, intentional infliction of physical and emotional distress, survivorship, and common law conspiracy. For the purposes of this motion, the court assumes—without deciding—that the plaintiffs' state law claims are governed by Texas law.

## ANALYSIS

Defendants seek leave to designate responsible third parties under the Texas proportionate responsibility scheme contained in Chapter 33 of the Texas Civil Practice and Remedies Code. With certain express exceptions not relevant here, Chapter 33 applies to all common law torts and to statutory torts that do not include a separate and conflicting legislative fault-allocation scheme. TEX. CIV. PRAC. & REM. CODE § 33.002; *JCW Elec., Inc. v. Garza*, 257 S.W.3d 701, 704–07 (Tex. 2008). Chapter 33 allows a defendant liberally to designate responsible third parties, including parties not subject to the court's jurisdiction, immune from suit, or who are unknown. § 33.004(j); *In re Unitec Elevator Servs. Co.*, 178 S.W.3d 53, 58 (Tex.App.–Houston [1st Dist.] 2005, no pet.). If the court gives leave to designate a responsible third party and there is evidence sufficient to submit a question to the jury regarding the conduct of the party, then the trier of fact determines the percentage of responsibility of the claimants, defendants, settling persons—if any, and any responsible third parties. § 33.003.

Once a defendant has moved for leave to designate responsible third parties, plaintiffs may object. § 33.004(f). To successfully prevent designation of a responsible third party, the burden is on the plaintiffs to establish that "(1) the defendant did not plead sufficient facts concerning the

alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and (2) after having been granted leave to replead, the defendant [still] failed to plead sufficient facts." § 33.004(g). After leave has been granted to designate third parties and "[a]fter adequate time for discovery, [plaintiffs] may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage." § 33.004(l). In this instance, the burden is on the defendants to produce "sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage." *Id.* Additionally, before trial the court must determine whether there is sufficient evidence to support the submission of a question to the jury regarding the designated parties' responsibility. § 33.003(b). Therefore, while the pleading requirements at the outset are not stringent, as trial moves closer the requirement for sufficient evidence to support the actual submission of a question on the responsibility of the designated third parties becomes more demanding.

Defendants move for leave to designate two responsible third parties: the United States, and "insurgent forces." Plaintiffs object to their designation. Therefore, the burden is on the plaintiffs to demonstrate that the defendants have not pled sufficient "facts concerning the alleged responsibility of the [United States, and "insurgent forces"] to satisfying the pleading requirements of the Texas Rules of Civil Procedure." § 33.004(g).

    **A.    United States**

First, the defendants seek leave to designate the United States by virtue of the actions of the United States Army. They argue that the Army had plenary control of the supply convoys at issue and was entirely responsible for providing adequate force protection for those convoys. Dkt. Fisher 261. They further argue that the Army's conduct was a cause in fact of the plaintiffs' injuries.

3

Plaintiffs counter that the Army does not meet the definition of a responsible third party as defined by Chapter 33 and therefore may not be designated. The court agrees.

>Section 33.011(6) defines a responsible third party as
>
>any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these.

§ 33.011(6). Since there are no allegations of an unreasonably dangerous product, in order for the Army to fit the definition it must have contributed to the injuries either through (1) negligent acts or omissions, or (2) conduct violating an applicable legal standard. Because the Army's conduct is at issue here, the specter of political question again arises.

The political question doctrine is based on the concept that the judicial branch cannot review certain actions undertaken by coordinate branches of government out of respect for those branches. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *Baker v. Carr*, 369 U.S. 186, 198, 82 S.Ct. 691 (1962)). Additionally, the judicial branch is considered unable or incompetent to review questions that fall under the political question rubric. *Id.* While the question of whether the defendants here can shelter under the political question doctrine remains unanswered, there is no doubt that "military affairs are generally beyond the authority or competency of a court's adjudicative powers." *Id.* (citing *Farmer v. Mabus*, 940 F.2d 921, 921 (5th Cir. 1991); *Occidental of Umm al Qaywayn, Inc. v. A Certain Cargo of Petroleum*, 577 F.2d 1196, 1203 (5th Cir. 1978)).

The court notes that designating the Army as a responsible third party under the Texas proportionate liability statute would not join the Army as a party. *Werner v. KPMG*, 415 F.Supp. 2d 688, 692 (S.D. Tex. 2006) (Rosenthal, J.). Nor does an assessment of responsibility by the trier of fact attach any liability to a responsible third party and may not be used in any other proceeding.

§ 33.004 (i).  However, the political question doctrine does not address a court's ability to impose liability on coordinate branches.  Instead, it speaks to a court's ability to identify a duty owed, determine a breach, and mold a protection for the right.  *Lane*, 529 F.3d at 557–58 (quoting *Baker*, 369 U.S. at 198).  Therefore, the court finds that submitting the Army's actions in Iraq to a judicial proceeding—even with no liability attached—is beyond the authority and competence of the court.  Accordingly, leave to designate the United States as a responsible third party under Chapter 33 of the Texas Civil Practice and Remedies Code is DENIED.

### B.      Insurgent Forces

Defendants also seek leave to designate "insurgent forces" as responsible third parties.  They identify "insurgent forces" as "Al Qaeda, Al Sadr, Muqtada al-Sadr, the Mahdi Army, and the Badr Brigade . . . and possible other unknown insurgent forces."  Dkt. Fisher 261.  They assert that because insurgent forces in Iraq attacked the convoys, "insurgent forces" caused or contributed to the plaintiffs' injuries and may therefore be designated.  Although they have been grouped together in the defendants' motion, "insurgent forces" as they define them encompass two separate types of persons—known and unknown.  Since the Texas Legislature created two distinct procedures for reviewing these two types of persons, the court will treat them separately.

#### 1.      Al Qaeda, Al Sadr, Muqtada al-Sadr, the Mahdi Army, and the Badr Brigade.

Defendants argue that the convoys were attacked by insurgent forces directly causing their injuries.  And, plaintiffs do not dispute this contention.  Therefore, there is no dispute that if these entities meet the definition of "person" under the statute, sufficient facts have been pled to support their initial designation.  Instead plaintiffs argue essentially that (1) "insurgent forces" are not "persons" within the meaning of the statute because the term itself is ill-defined and all-

5

encompassing, and (2) even if they were "persons" there is no applicable legal standard because "insurgent forces" are beyond the reach of Texas law. The defendants counter that the identified groups contained within the term "insurgent forces" meet the definition of "person," because Texas law recognizes organizations like these. Moreover, they argue that the current version of the statute allows them to designate parties over whom the court has no jurisdiction. Therefore, they claim that the designation of "insurgent forces" is proper. The court agrees that the identifiable entities that defendants seek to designate are persons as contemplated in § 33.011(6).

In 2003, the Texas Legislature enacted the Medical Malpractice and Tort Reform Act significantly liberalizing who could be designated as a responsible third party. David W. Holman, *Responsible Third Parties*, 46 S. TEX. L. REV. 869, 884 (2004–05). One commentator has described the new rule as "veritable free-for-all, with submission of 'bankrupt defendants, foreign defendants, unknown defendants, unidentified defendants, phantom vehicles, subcontractors . . . whose names can't be remembered,' and so forth." *Id.* (quoting *Tort Reform of 2003: Hearings on Tex. H.B. 4 Before the Senate Comm. on State Affairs*, 78th Leg., R.S. (Apr. 10, 2003), *reprinted in* 2 LEGISLATIVE HISTORY OF TEXAS H.S. 4: THE MEDICAL MALPRACTICE & TORT REFORM ACT OF 2003, at 1304 (2003)). This flexibility likely springs from the fact that a finding of responsibility does not by itself impose liability and has no preclusive effect. § 33.004(I). Indeed the language of the definition of a responsible third party suggests the legislature's expansive intentions with regard to this section.

> Responsible third party means *any* person who is alleged to have caused or contributed to causing *in any way* the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these.

§ 33.011(6) (emphasis added).  Moreover, when compared to the definition before the 2003 amendments, the broad nature of the 2003 definition becomes even clearer.  The previous definition required that the court have jurisdiction over the person, that the person be someone against whom the claimant could have asserted a claim, and that the person be someone who could be held liable, i.e., not immune from suit.  Holman, *supra*, at 883–84 (citing the 1995 version of Chapter 33).  Therefore, identifiable groups such as Al Qaeda, Al Sadr, the Madhi Army, and the Badr Brigade[1] come within the broad sweep of the definition of a responsible third party.

Additionally, the defendants argue that Al Qaeda, Al Sadr, the Mahdi Army, and the Badr Brigade would fall within the definition of "person" as recognized legal entities in Texas.  They contend that since Chapter 33 does not define "person," the definitions in the Texas Code Construction Act control.  TEX. GOV'T CODE § 311.002.  The general definitions contained in the Code Construction Act define person as including a "corporation, organization, government or governmental subdivision or agency, business trust, estate, trust, partnership, association, and any other legal entity."  § 311.005(2).  Defendants point to the Texas Business Organizations Code's definition of an unincorporated nonprofit association.  That portion of the code defines a nonprofit organization as "an unincorporated organization . . . consisting of three or more members joined by mutual consent for a common, nonprofit purpose."  TEX. BUS. ORG. CODE § 252.001(2).  The defendants contend that because these groups all have 3 or more people united in a common, nonprofit purpose, they are a nonprofit association under the code and therefore a legal entity.  The court need not address this argument, because it finds that the identified entities fall within the broad definition of responsible third party intended by the Texas legislature.

---

[1] Muqtada al-Sadr is a physical person.  The plaintiffs do not dispute this fact.  Therefore, the court need not address his status as a "person" under the code.

7

The plaintiffs also argue that even if these groups are legal entities, there is no applicable legal standard that can be applied to them. They base this argument on the fact that the parties are at war, making standards difficult to identify and apply. Additionally, they argue that the code does not expressly allow designation of non-American entities beyond the reach of the courts. However, as explained above, the legislature in 2003 amended the definition of responsible third party to *eliminate* the need for the court to have jurisdiction over the proposed third party. Additionally, the respect for coordinate branches of government which requires the judicial branch to employ restraint when reviewing actions taken by the Army is not present when reviewing the actions of these entities. Therefore, the court believes that applicable legal standards can be formulated for the actions of these entities. The court finds that Al Qaeda, Al Sadr, Muqtada al-Sadr, the Mahdi Army, and the Badr Brigade are persons under § 33.011(6) and may be designated as responsible third parties. Accordingly, the motion is GRANTED with regard to these identified entities. However, the court expresses no opinion regarding the ability of these entities to remain designated through the increasingly difficult hurdles ahead.

### 2.    Possible Other Unknown Insurgent Forces.

The defendants also include the phrase "other unknown insurgent forces" within their definition of "insurgent forces." Section 33.004 sets forth the rule for designating unknown persons as responsible third parties.

> (j) Notwithstanding any other provision of this section, if, not later than 60 days after the filing of the defendant's original answer, the defendant alleges in an answer filed with the court that an unknown person committed a criminal act that was a cause of the loss or injury that is the subject of the lawsuit, the court shall grant a motion for leave to designate the unknown person as a responsible third party if:
>
> > (1) the court determines that the defendant has pleaded facts sufficient for the court to determine that there is a reasonable probability that the act of the unknown person was criminal;

> (2) the defendant has stated in the answer all identifying characteristics of the unknown person, known at the time of the answer; and
>
> (3) the allegation satisfies the pleading requirements of the Texas Rules of Civil Procedure.

§ 33.004(j). The most recent answer in this case was filed on July 25, 2006. Dkt. Fisher 37. Aside from confirming that the convoys were attacked, the answer contains only one reference to third parties. "[T]he deaths or injuries were the result of the actions of third parties, whose conduct constitutes and intervening and superceding cause." *Id.* ¶ 135. This allegation fails to meet the standards enunciated in the rule in every respect.

The court recognizes that the deadlines indicated in the statute may not be binding on this court because they may not be considered a substantive part of the statute itself. However, the Texas legislature prescribed such an early and specific pleading standard for unknown third parties because it intended to furnish a significant amount of notice to other parties. *See Unitec*, 178 S.W.3d at 61. The *Unitec* court further explained that to allow defendants to designate unknown third parties later would give the defendants "a strategic advantage not intended by the legislature." *Id.* Additionally, the *Unitec* court noted that unlike the designation of responsible third parties under § 33.004(h) and (g), the designation of an unknown party must satisfy specific pleading requirements even absent an objection. *Id.* Therefore, the court finds that the requirement of an early designation of an unknown party accompanied by specific pleading requirements is a part of the substantive core of the proportionate responsibility scheme. *Accord Estate of Figueroa v. Williams*, No. V-05-56, 2007 WL 2127168 at *1 (S.D. Tex. July 23, 2007) (Rainey, J.). Accordingly, since defendants' answer is insufficient to meet the pleading standards required by the statute, the designation of "other unknown insurgent forces" is time barred, and the motion is DENIED with respect to them.

CONCLUSION

Pending before the court is defendants' motion for leave to designate responsible third parties. Dkt. Fisher 261, Lane 111, Smith-Idol 85. For the reasons detailed above the motion is GRANTED IN PART and DENIED IN PART. The motion is GRANTED with respect to the designation of "insurgent forces" including Al Qaeda, Al Sadr, Muqtada al-Sadr, the Mahdi Army, and the Badr Brigade. The motion is DENIED in all other respects.

It is so ORDERED.

Signed at Houston, Texas on April 23, 2008.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY

10