UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| INGRID FISHER, *et al.*, § | | |
|    *Plaintiffs*, § | | |
| § | | |
| v. § | CIVIL ACTION H-05-1731 | |
| § | | |
| HALLIBURTON, *et al.*, § | | |
|    *Defendants*. § | | |

| | | |
|---|---|---|
| REGINALD LANE, § | | |
|    *Plaintiff*, § | | |
| § | | |
| v. § | CIVIL ACTION H-06-1971 | |
| § | | |
| HALLIBURTON, *et al.*, § | | |
|    *Defendants*. § | | |

| | | |
|---|---|---|
| KEVIN SMITH-IDOL, § | | |
|    *Plaintiff*, § | | |
| § | | |
| v. § | CIVIL ACTION H-06-1168 | |
| § | | |
| HALLIBURTON, *et al.*, § | | |
|    *Defendants*. § | | |

**ORDER**

Pending before the court is defendants' motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiffs' claims under 42 U.S.C. § 1983, under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, and for exemplary damages. Fisher Dkt. 324, Lane Dkt. 151, Smith-Idol Dkt. 108. Upon consideration of the motions, the responses, the replies, and the applicable law, the motion is **GRANTED IN PART** with respect to the section 1983 claims brought by Smith-Idol and the RICO claims brought by Fisher, Lane, and Smith-Idol.

The motion is **DENIED IN PART** with respect to Halliburton's request to dismiss the exemplary damages claims brought by Fisher, Lane, and Smith-Idol.

## I. BACKGROUND

This case arises out of an attack by Iraqi insurgents on civilian contractors driving fuel convoys in Iraq. The facts have been outlined in several previous orders of the court and do not bear repeating here. *See, e.g.*, Fisher Dkt. 168. The present motion is brought by all defendants (hereinafter, "Halliburton"), seeking to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) claims brought by Smith-Idol under 42 U.S.C. § 1983; and by all plaintiffs under RICO; and for exemplary damages. Fisher Dkt. 324; Lane Dkt. 151; Smith-Idol Dkt. 108. Specifically, Halliburton requests that the court dismiss the following claims: counts six and seven of Fisher's fourth amended complaint, Fisher Dkt. 315; counts six and seven of Lane's first amended complaint, Lane Dkt. 142; counts three, four, five, eight, and nine of Smith-Idol's original complaint; Smith-Idol Dkt. 1; and all of plaintiffs' claims for exemplary damages. Fisher Dkt. 315; Lane Dkt. 142; Smith-Idol Dkt. 1.

## II. ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955 (2007). In considering 12(b)(6) motions, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). Except in limited circumstances not implicated by this motion, the court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964–65 (citing *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)) (internal citations omitted). And, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965 (supporting facts must be plausible—enough to raise a reasonable expectation). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683 (1974).

### A. Section 1983

To state a claim upon which relief may be granted under 42 U.S.C. § 1983, a plaintiff must: (1) "allege the violation of a right secured by the Constitution and laws of the United States;" and (2) "show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988). A claim satisfies the "under color of state law" if: (1) "the deprivation [is] caused by the exercise of some right or privilege created by the State . . . ; and (2) "the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *Id.* at 49 (citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937, 102 S. Ct. 2744 (1982)).

In his complaint, Smith-Idol brings causes of action under 42 U.S.C. § 1983 in claims three, four, and five, claiming that Halliburton violated his constitutionally-protected civil rights. Claims four and five are facially inadequate to state a claim under section 1983, as they allege that Halliburton operated under color of federal law–not state law. Smith-Idol Dkt. 1, ¶ 69 ("acting in their official capacities as agents of the United States Department of Defense by way of the government contract, acting under color of federal law"); Smith-Idol Dkt. 1, ¶ 73 ("acting under the

color of federal law, by way of their entitlement to act under the LOGCAP government contract"). Section 1983, however, "provide[s] a remedy for deprivation of rights under color of state law and do[es] not apply when the defendants are acting under color of federal law." *Mack v. Alexander*, 575 F.2d 488, 489 (5th Cir. 1978) (citation omitted); *accord Resident Council of Allen Parkway Vill. v. HUD*, 980 F.2d 1043, 1053 (5th Cir. 1993); *Broadway v. Block*, 694 F.2d 979, 981 (5th Cir. 1982). Because Smith-Idol does not make any allegation that Halliburton acted pursuant to state law in claims four and five of its complaint, those claims are insufficient to state a claim under section 1983 as a matter of law.

In claim five of Smith-Idol's complaint, he asserts that Halliburton acted under color of state law, stating that Halliburton "act[ed] under color of state law as a government contractor." Smith-Idol Dkt. 1, ¶ 69. Smith-Idol does not, however, plead any facts to support this conclusory allegation. Instead, the remainder of Smith-Idol's complaint asserts repeatedly that Halliburton acted pursuant to a federal government contract, under color of federal law. If a complaint fails to plead facts in support of its assertion that the defendant acted under color of state law, the claim is subject to dismissal. *See, e.g.*, *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 550–51 (5th Cir. 2005); *Willis v. Constr. Co.*, 73 Fed. Appx. 61, 62 (5th Cir. 2003); *accord Price v. Haw*, 939 F.2d 702, 708 (9th Cir. 1991) ("[A] defendant is entitled to more than the bald legal conclusion that there was action under color of state law."). Because Smith-Idol failed to plead facts in support of his conclusory allegation that Halliburton acted pursuant to state law, claim five of Smith-Idol's complaint fails to adequately plead a cause of action pursuant to section 1983.

Finally, in response to the present motion to dismiss, plaintiffs referenced the right of individuals who are deprived of a constitutional right by those acting under color of federal law to bring a *Bivens* action. Smith-Idol Dkt. 136, at 21 n.6. Relevant to the present case, however, private

corporations acting under color of federal law, for example as government contractors, are immune from *Bivens* claims. *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 74, 122 S. Ct. 515 (2001). Accordingly, Halliburton's motion to dismiss claims three, four, and five of Smith-Idol's complaint pursuant to Rule 12(b)(6) is **GRANTED**.

    **B.**    **RICO**

        *1.*    *The Law*

Concerned with long-term criminal activity, Congress enacted RICO to prohibit conduct involving a pattern of racketeering activity. *See Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 122 (5th Cir. 1996). "One of RICO's enforcement mechanisms is a private right of action, available to '[a]ny person injured in his business or property by reason of a violation' of the Act's substantive restrictions." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 453 (2006) (quoting 18 U.S.C. § 1964(c)).

In order to state a claim under RICO, a plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S. Ct. 3275 (1985); *Brown v. Protective Life Ins. Co.*, 353 F.3d 405, 407 (5th Cir. 2003) (stating that a violation of 18 U.S.C. § 1962 involves "(1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise"). If a party presents sufficient evidence of the common RICO elements, the court can move on to the four distinct violations. *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 433 (5th Cir. 2000); *see also* 18 U.S.C. §§ 1962(a)–(d). As outlined by the Fifth Circuit, the four violations of RICO state that:

(a) a person who has received income from a pattern of racketeering activity cannot invest that income in an enterprise;

(b) a person cannot acquire or maintain an interest in an enterprise through a pattern of racketeering activity;

(c) a person who is employed by or associated with an enterprise cannot conduct the affairs of the enterprise through a pattern of racketeering activity; and

(d) a person cannot conspire to violate subsections (a), (b), or (c).

*Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995).

### 2. *RICO Analysis*

When considering whether a plaintiff has standing to bring a civil cause of action under RICO, the origin of the statute bears relevance:

> RICO was intended to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff. Requiring that a plaintiff demonstrate a financial loss to her business or property is consistent with that purpose. It is also consistent with what the Supreme Court has termed the "restrictive significance" of the phrase "injured in his business or purpose." *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339, 99 S. Ct. 2326 (1979).

*Oscar v. University Students Co-op. Ass'n*, 965 F.2d 783 (9th Cir. 1992) (en banc), *cert. denied*, 506 U.S. 1020, 113 S. Ct. 655 (1992). With these limitations in mind, the court turns its focus to the threshold requirement for stating a civil cause of action under RICO: the requirement that a plaintiff must be "'*injured in his business or property* by reason of a violation' of the [RICO]'s substantive restrictions." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 453, 126 S. Ct. 1991 (2006) (quoting 18 U.S.C. § 1964(c)) (emphasis added); *see also Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 422 (5th Cir. 2001). "[T]he plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the [RICO] violation." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985).

Plaintiffs seek to recover under RICO for two alleged injuries: (1) the continued compensation that plaintiffs or their decedents allegedly could have received had they not been injured in Iraq; and (2) the difference between their actual compensation and the theoretical compensation that they allegedly would have been able to secure had Halliburton fully disclosed the true risks of working in Iraq. Fisher Dkt. 315, ¶¶ 96, 99; Lane Dkt. 142, ¶¶ 77, 80; Smith-Idol Dkt. 1, ¶¶ 112, 114. Plaintiffs' alleged injuries do not confer standing for a civil claim under RICO for two reasons: (1) an "injury to business or property" cannot result from personal injuries; and (2) an "injury to business or property" must be a concrete financial loss rather than a speculative property interest.

### a.      "Injury to Business or Property" Excludes Damages Intimately Related to Personal Injuries

With respect to plaintiffs' first claim for "continued compensation" that they allegedly lost due to plaintiffs' injuries in Iraq, the Fifth Circuit has held that "injury to business or property excludes personal injuries." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 422 (5th Cir. 2001) (citing *Reiter*, 442 U.S. at 339. Moreover, "federal courts have uniformly held that 'business or property' language of 18 U.S.C. § 1964 precludes personal injury and wrongful death actions from the ambit of the RICO act." *Borskey v. Medtronics, Inc.*, 1995 WL 120098, at *3 (E.D. La. Mar. 15, 1995) (citation omitted), *aff'd in part*, 105 F.3d 651 (5th Cir. 1996) ("The district court rejected the RICO action on grounds that RICO has no applicability to an action for damages from personal injuries. We agree."); *accord Genty v. RTC*, 937 F.2d 899, 918 (3d Cir. 1991) (citing *Reiter*, 442 U.S. at 339); *Rylewicz v. Beaton Servs., Ltd.*, 888 F.2d 1175, 1180 (7th Cir. 1989); *Grogan v. Platt*, 835 F.2d 844, 847–48 (11th Cir. 1988), *cert. denied*, 488 U.S. 981, 109 S. Ct. 531 (1988). In addition, "personal injuries . . . and their resulting pecuniary consequences, are not compensable under RICO." *See, e.g.*,

7

*Gaines v. Tex. Tech Univ.*, 965 F. Supp. 886, 890 (N.D. Tex. 1996) (holding that the impairment of future earning capacity as a result of a personal injury is not recoverable under RICO); *Borsky*, 1995 WL 120098, at *3 (holding that plaintiffs' medical expenses were so closely tied to their alleged personal injuries that such expenses could not be covered under RICO).

In the present case, plaintiffs' alleged loss of "continued compensation" directly results from the personal injuries that plaintiffs suffered in Iraq. Plaintiffs confuse the issue by arguing that their "injury to property" was not caused by personal injuries, but rather by Halliburton's alleged predicate acts: mail fraud and wire fraud. Ultimately, plaintiffs' alleged "continued compensation" loss occurred as a direct result of plaintiffs' personal injuries. The injuries that plaintiffs suffered in Iraq caused their alleged loss of compensation, and that loss is intimately related to plaintiffs' personal injuries. Consequently, because personal injuries and their resulting pecuniary consequences are not an "injury to business or property" under section 1964(c), plaintiffs' "continued compensation" injury does not confer standing to bring a civil claim under RICO.

### b. Inadequacy of Speculative Injuries and Expectancy Injuries

Additionally, plaintiffs can only bring RICO claims for concrete, definite, and tangible losses. *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607 (5th Cir. 1998) ("Injury to mere expectancy interests or to an 'intangible property interest' is not sufficient to confer RICO standing."); *Oscar*, 965 F.2d at 783 ("[A] showing of 'injury' requires proof of concrete financial loss, and not mere injury to a valuable intangible property interest.") (citations omitted). "[S]peculative damages are not compensable under RICO." *In re Taxable Mun. Bond Secs. Litig.*, 51 F.3d 518, 523 (5th Cir. 1995); *accord Berg v. First State Ins. Co.*, 915 F.2d 460, 464 (9th Cir. 1990); *Fleischhauer v. Feltner*, 879 F.2d 1290, 1299–1301 (6th Cir. 1989), *cert. denied*, 493 U.S. 1074, 110 S. Ct. 1122. Instead, a plaintiff must demonstrate a "conclusive financial loss" in order to have standing to bring

a civil claim under RICO. *Id.* Stated plainly, "injuries to property are not actionable under RICO unless they result in tangible financial loss to the plaintiff." *Oscar*, 965 F.2d at 785.

Turning to the plaintiffs' claims of injury, the plaintiffs' first claim that they lost future compensation as a result of their personal injuries is an expectancy interest. "Injury to mere expectancy interests . . . is not sufficient to confer RICO standing." *Price*, 138 F.3d 602, 607 (5th Cir. 1998); *accord Oscar*, 965 F.2d at 785; *Gaines*, 965 F. Supp. at 890. Thus, in addition to being intimately related to plaintiffs' personal injuries, plaintiffs' alleged "continued compensation" injury is also an expectancy interest, which does not constitute an "injury to business or property" under 18 U.S.C. § 1964(c). *See Hughes*, 278 F.3d at 422 (personal injuries do not confer RICO standing); *Price*, 138 F.3d at 607 (expectancy interests do not confer RICO standing).

Next, plaintiffs' second claimed injury, the disparity between plaintiffs' actual compensation and the theoretical compensation that they would have received had they fully been informed about the risks in Iraq, is similarly too speculative to confer RICO standing under controlling precedent. *See, e.g.*, *Price*, 138 F.3d at 607; *In re Taxable Mun. Bond Secs. Litig.*, 51 F.3d at 523; *see also Oscar*, 965 F.2d at 785. Whether plaintiffs would have been able to secure additional payment for their service in Iraq if any alleged undisclosed risks had been fully disclosed is speculative and does not confer standing under section 1964(c). *See Price*, 138 F.3d at 607; *In re Taxable Mun. Bond Secs. Litig.*, 51 F.3d at 523; *Oscar*, 965 F.2d at 785. The alleged compensation loss claimed by the plaintiffs is not a "concrete financial loss," but rather is a theoretical claim that is more in line with an "injury to a[n] . . . intangible property interest." *Oscar*, 965 F.2d at 783 ("[A] showing of 'injury' requires proof of concrete financial loss, and not mere injury to a valuable intangible property interest."). Thus, according to controlling precedent, the theoretical compensation loss claimed by plaintiffs is too speculative to confer standing for a civil RICO cause of action under section 1964(c).

Accordingly, because an "injury to business or property" cannot result from personal injuries, and because the injury must be a concrete financial loss rather than a speculative property interest, plaintiffs' alleged injuries do not confer standing to bring a civil claim under RICO. Consequently, Halliburton's motion to dismiss the plaintiffs' RICO claims is **GRANTED**.

### C.     Exemplary Damages

Defendants seek dismissal of plaintiffs' claims for exemplary damages, arguing that Texas state appellate court precedent requires dismissal of plaintiffs' exemplary damages claims under TEX. PRAC. & REM. CODE § 41.005(a) and that section 41.005(a) is not unconstitutional. In response, plaintiffs argue: that the Texas cases cited by defendants incorrectly interpret section 41.005(a) and are inapposite to this case, that plaintiffs have a constitutional right to receive exemplary damages under TEX. CONST. art. XVI § 26, and that TEX. PRAC. & REM. CODE § 41.005(a) is unconstitutional. The body of law governing this issue is unclear and not well-developed. Therefore, the court declines to dismiss plaintiffs' claims for exemplary damages as a matter of law at this time. The motion is **DENIED IN PART** with respect to Halliburton's request to dismiss plaintiffs' claims for exemplary damages.

## CONCLUSION

Pending before the court is Halliburton's motion to dismiss plaintiffs' claims under 42 U.S.C. § 1983, under RICO, and for exemplary damages, pursuant to Federal Rule of Civil Procedure 12(b)(6). Upon consideration of the motions, the responses, the replies, and the applicable law, the motion is **GRANTED IN PART** with respect to the section 1983 claims brought by Smith-Idol and the RICO claims brought by Fisher, Lane, and Smith-Idol. The motion is **DENIED IN PART** with respect to Halliburton's request to dismiss the exemplary damages claims brought by Fisher, Lane, and Smith-Idol.

It is so ORDERED.

Signed at Houston, Texas on December 17, 2009.

_____
Gray H. Miller
United States District Judge