IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| *INGRID FISHER, Individually and as Successor in interest to Decedent Steven Fisher; et al.* ) ) ) | |
| **Plaintiffs,** ) ) | |
| v. ) ) | CIVIL ACTION NO. H-05-1731 |
| *HALLIBURTON, a Corporation; et al.* ) ) | |
| **Defendants.** ) | |

**PLAINTIFFS' MOTION FOR PROTECTIVE ORDER TO
QUASH WRITTEN DISCOVERY BY DEFENDANTS**

Plaintiffs move for a Protective Order quashing Defendants' written discovery propounded on January 8, 2010, in the form of Interrogatories, Requests for Production, and Requests for Admissions. Defendants' written discovery is untimely, duplicative, and oppressive, and a protective order is necessary to protect Plaintiffs from annoyance, oppression, undue burden, and expense.

**BACKGROUND**

On January 8, 2010, Defendants served Plaintiffs with the following written discovery:

- *1,179 Requests for Admissions with 4,040 pages of exhibits;*
- *499 Requests for Production;* **and**
- *421 Interrogatories.*

Defendants propounded this additional discovery even though Plaintiffs had previously answered thousands of discovery requests and appeared for every deposition

noticed by Defendants. Further, Plaintiffs' forthcoming supplemental responses to Defendants' previous discovery requests will be served pursuant to Rule 26. Accordingly, Defendants' January 8, 2010, discovery requests are untimely, duplicative, and oppressive, and should be quashed.

**ARGUMENT**

After Plaintiffs responded to thousands of Defendants' discovery requests in November 2005, Defendants served no further discovery for almost four years, until late September 2009. The September 2009 discovery was voluminous and oppressive. On October 22, 2009, the Court granted Plaintiffs' motion for protective order to quash, in their entirety, Defendants' September 2009 discovery demands.

Plaintiffs thereafter spent numerous hours meeting and conferring with Defendants in a sincere and good faith attempt to reach an agreement for reasonable discovery. No agreement could be reached, and on January 8, 2010, Defendants served Plaintiffs with the voluminous, oppressive, duplicative, and overbearing written discovery demands identified above. Specifically, Defendants' pending discovery requests include:

- ***1,179 Requests for Admissions and 4,040 pages of exhibits***[1] (98 Requests for Admissions with approximately 380 pages of exhibits to each of ten surviving Plaintiff drivers, and 25 Requests for Admissions with approximately 30 pages of exhibits to each of eight surviving family members of seven deceased drivers).

- ***499 Requests for Production*** (10 Requests for Production to each of the 30 Plaintiffs (300 Requests), 64 Requests to Nicholas Caffey and Timothy Caffey, 70 Requests to James Blackwood, and 65 Requests to Joann Blackwood. These, coupled with the 1,451 requests served in 2005, total ***1,950 requests for production*** by Defendants).

---

[1] In Defendants' September 2009 discovery, Defendants served Plaintiffs with ***130 -150 Requests for Admissions,*** with approximately ***400 pages of exhibits.***

2

- ***421 Interrogatories*** (12 Interrogatories with subparts to each of 26 Plaintiffs; plus 64 Interrogatories with subparts to Nicholas Caffey and Timothy Caffey (deceased driver Tim Bell's sons); 36 Interrogatories to James Blackwood; and 37 Interrogatories to Joann Blackwood[2]. These interrogatories, coupled with the 1,282 Interrogatories previously served by Defendants in 2005,*[3]*

Defendants have had more than "ample opportunity" to obtain the discovery they now seek at this very late stage in the proceedings. Plaintiffs have already adequately responded to approximately ***1,282 Interrogatories*** and ***1,451 Requests for Production*** in October 2005. Almost all of the Plaintiffs have also sat for their depositions, providing ***more than 68 hours of live testimony***.[4] It has been ***more than 17 months*** since the 5th Circuit's remand on May 28, 2008, and Defendants served no discovery from May 2008 to late September 2009. When they finally did serve discovery, it was duplicative and oppressive, with the discovery deadline less than thirty days away and a trial upcoming.

### A. Defendants' Discovery Requests are Duplicative of Prior Requests

Defendants' 2010 discovery demands may contain a few different words, but in fact, most seek the same information already requested in 2005. For example, KBRSI's 2010 Interrogatory No. 3 has already been asked of each driver in his deposition and is almost verbatim of Defendant SEII's Interrogatory No. 12, to which Plaintiffs responded in 2005:

> **SEII's INTERROGATORY NO. 12 (served in 2005)**:
> Identify the person(s) with whom you communicated by telephone, letter, fax, email, etc. during the recruitment process. Include in your answer the identity of the person with whom you first spoke about employment in Iraq, the identity of

---

[2] Mr. and Mrs. Blackwood have both given deposition testimony for a total of approximately 7 hours.
[3] Each of twenty-two (22) Plaintiffs already individually answered between 33 separate interrogatories to the drivers' children, 60 interrogatories to the drivers' wives, and 70 separate Interrogatories to the drivers = total of ***1,282 Interrogatories.***
[4] Plaintiffs Rick Tollison, and Nelson Howell have twice made themselves available for deposition and defendants have cancelled those depositions. Plaintiffs Timothy Caffey, Nicholas Caffey, and Cha Sadie Tunstall (Timothy Bell's children) have also offered dates for their depositions, but defendants have not responded with any certain dates.

3

any person(s) to whom you sent or from whom you received paperwork prior to going to Houston, the identity of the person(s) who presented you with an Employment Agreement or other documents while in Houston, etc. If you do not remember each person's first and last name, state what you do remember, *e.g.* first name, last name, nickname, etc.

**KBRSI's INTERROGATORY NO. 2 (served January 8, 2010)**:
Identify the individuals with whom you communicated by telephone, letter, fax, email, face-to-face meeting, or any other method as part of the recruitment process for your work on the LOGCAP III Contract. Include in your answer the employer of such individual, their location, the approximate dates of each contact with each individual, and a description of any paperwork or written materials that you received from each such individual.

As further example of the duplicative nature of Defendants' discovery, compare 2005 interrogatories by Halliburton with KBR's recent interrogatories:

**HALLIBURTON's INTERROGATORY NO. 13 (served in 2005)**:
Do you contend that Halliburton made misrepresentations to you that you relied upon in accepting employment with Defendants? If so, identify the person(s) at Halliburton who made each representation, the date upon which each misrepresentation was made, and the substance thereof.

**HALLIBURTON's INTERROGATORY NO. 14 (served in 2005)**:
Do you contend that Halliburton made misrepresentations to you that you relied upon *after* you accepted employment with Defendants? If so, identify the person(s) at Halliburton who made each representation, the date upon which each misrepresentation was made, and the substance thereof, and the action(s) you took in reliance thereon.

**KBRSI's INTERROGATORY NO. 4 (served January 8, 2010)**:
Identify each misrepresentation or omission by Defendants that you contend any Plaintiff Truck Driver relied upon in continuing your employment with Defendants under the LOGCAP III Contract. For each misrepresentation or omission, identify the person making it, any documents evidencing it, the date it was made to the Plaintiff Truck Driver, and the substance thereof.

Also, SEII's 2005 Interrogatory is compared with KBRSI's 2010 Interrogatory to William Peterson and other drivers:

**SEII 2005 INTERROGATORY NO. 13**  Do you contend that Halliburton made misrepresentations to you that you relied upon in accepting employment with Defendants? If so, identify the person(s) at Halliburton who made each representation, the date upon which each misrepresentation was made, and the

substance thereof.

**KBRSI 2010 INTERROGATORY NO. 6**   For each misrepresentation or omission of Defendants that you contend you relied upon in accepting/continuing employment on the LOGCAP III Contract, identify the person(s) who made the misrepresentation or omission, any documents evidencing or relating to the misrepresentation or omission, the date of each misrepresentation or omission, and the substance thereof.

The oppressive and harassing nature of Defendants' discovery is also apparent from the discovery directed to individual Plaintiffs like, Plaintiff Mrs. Bell-Smith, the elderly mother of missing/deceased driver Timothy Bell.  Mrs. Bell-Smith has already given approximately 3½ hours of deposition testimony, answered 86 Requests for Production, and 63 Interrogatories. Defendants have now served Mrs. Bell-Smith with an additional 10 Requests for Production, 12 Interrogatories, and 24 Requests for Admissions with exhibits. Likewise, Ingrid Fisher and Kristen Fisher (deceased driver Steve Fisher's surviving wife and daughter) have already responded to 99 separate Requests for Production, 115 Interrogatories, and given deposition testimony for 5 hours and 8 minutes.  To require a surviving wife and daughter to answer 10 more Requests for Production, 12 Interrogatories, *all with subparts,* and 25 Requests for Admission, is oppressive and harassing.  These examples similarly apply to most if not all Plaintiffs..[5]

A protective order quashing the discovery is necessary to protect Plaintiffs from such unfair practices and tactics. Courts have found far less burdensome discovery requests to warrant protective orders.[6]

Plaintiffs made clear during the meet and confer process that much of Defendants' proposed written discovery was seriously duplicative of the discovery to which Plaintiffs

---

[5] See, Chart of Defendants' Discovery Demands, attached as Exhibit 1.
[6] Plaintiffs seek to avoid repetition and refer the court to the legal authorities cited in Plaintiffs' first motion for protective order to quash defendants' discovery, filed on or about October 19, 2009.

have already responded. Plaintiffs also noted that Defendants have already made a thorough inquiry of the subject matter during each Plaintiff's deposition, and Plaintiffs should not have to answer the same inquiry for a third time through yet another set of written discovery.[7]

Defendants' January 8, 2010, requests are not at all particularized or specific as to any certain information or subject matter that Defendants can reasonably claim has not already been provided to Defendants through Plaintiffs' discovery responses, including Plaintiffs' Depositions. A protective order is necessary to protect Plaintiffs from the annoyance, oppression, undue burden, and expense presented by Defendants' discovery. *Fed.R.Civ. Proc.* Rule 26, subsections (b)(2)(C) and (c).

### B. The Discovery is Untimely Even Though the Discovery Deadline is Extended.

If Defendants were dissatisfied with Plaintiffs' responses to Defendants' thousands of prior requests, they could have raised their objections in a motion to compel. They have not done so. Instead, Defendants submit approximately 2,000 new requests to Plaintiffs that require responses within less than three months before trial in a case that has been pending for almost five years. As the Court is aware, the parties are engaged in expert depositions and preparing for trial.

Under these circumstances, the discovery requests served by Defendants on January 8, 2010, are just as untimely as those made by Defendants in September 2009[8], regardless of the fact that they were made before the extended discovery cut-off date of

---

[7] Plaintiffs also noted that supplemental responses to Defendants' 2005 discovery demands were forthcoming, and would provide any additional facts, information, and documents obtained by Plaintiffs since their 2005 responses. Plaintiffs are currently finalizing their supplemental responses and expect to serve them within the next 14 days.
[8] On October 22, 2009, the Court quashed all of Defendants' September 2009 discovery demands.

March 25, 2010.[9]   Plaintiffs cannot possibly respond to Defendants' discovery even given the extended discovery deadline. The responses are due no later than February 7, 2010, shortly before the discovery deadline when Plaintiffs will be preparing for trial and should not be responding to Defendants' "eleventh-hour" discovery requests. *See e.g.*, *Global Maritime Leasing Panama, Inc. v. M/S North Breeze,* 451 F.Supp. 965, 966 (D. R. I. 1978) (granting Plaintiff's motion for protection to quash Defendants' "untimely" "eleventh-hour" discovery requests, almost eight years after the suit and propounded within thirty days of discovery deadline).

## II.   LEGAL AUTHORITY FOR PROTECTIVE ORDER

Plaintiffs move the court for a protective order pursuant to *Fed. R. Civ. Proc. Rule*. 26(c)(1)(A) and (D) *"forbidding the disclosure or discovery,"* and *"forbidding inquiry into certain matters, or [in the alternative] limiting the scope of disclosure or discovery to certain matters." Fed.R.Civ.Proc.* Rule 26(b)(1) provides that *"all discovery is subject to the limitations imposed by Rule 26(b)(2)(C)."* Rule 26(b)(2)(c) provides:

> **(C)** On motion or on its own, **the court <u>must</u> limit the frequency or extent of discovery… if it determines that:**
> **(i) *the discovery sought is unreasonably cumulative or duplicative***, ….
> **(ii) *the party seeking discovery has had ample opportunity to obtain the information….*; <u>or</u>**
> **(iii) *the burden or expense of the proposed discovery outweighs its likely benefit***, …." (emphasis added)

"Even though the materials sought are within the scope of 26(b)," Rule 26 protective orders are necessary to safeguard parties "from annoyance, embarrassment, oppression, or undue burden or expense." Rule 26(c), Advis. Committee Notes (1970). Plaintiffs urge this honorable Court to exercise its broad authority to "deny and limit" the

---

[9] See Court Transcript of October 22, 2009, P.10, L.11-17. Attached as Exhibit 2.

discovery, even assuming the subject of Defendants' discovery is technically relevant or the amount or number is not specifically prohibited by rule.  *Fed.R.Civ.Proc.* Rule 26(b)(2)(C); *Associated Metals & Minerals Corp. v. S. S. Geert Howaldt,* 348 F.2d 457, 459 (5th Cir. 1965)

### III.    PRAYER FOR PROTECTIVE ORDER AND OTHER SPECIFIC RELIEF

Plaintiffs need protection from the oppression, harassment, undue burden, and expense to be caused by Defendants' discovery actions, and respectfully request that the Court issue a protective order pursuant to *Fed.R.Civ.Proc.* Rule 26, and find that:

1. The discovery sought is unreasonably cumulative or duplicative, or

2. The discovery can be obtained from another source that is more convenient, less burdensome, or less expensive;

3. That Defendants have had ample opportunity to obtain the information sought;

4. The burden or expense of the proposed discovery outweighs its likely benefit; and that

5. Plaintiffs' motion for protective order quashing all discovery propounded by defendants in January 8, 2010, is granted, as prayed.

If the Court finds in the alternative that Defendants have demonstrated the substantial need for further specific discovery, Plaintiffs respectfully urge the Court to order that Defendants' discovery be ***specifically* "*limited to certain matters"*** – that is*,* Plaintiffs' supplemental responses, which Plaintiffs expect to serve within fourteen (14) days, as Defendants have had almost five years to serve further discovery.  *Rule 26(c)(1)(A) and (D)* .  Plaintiffs further request additional time to respond to any allowed discovery (if necessary).

Dated: January 19, 2010                    Respectfully Submitted,

                                                    LOPEZ MCHUGH LLP

By:   _____
      Ramon Rossi Lopez
      California Bar No. 086361
      Christina Anne Fountain
      California Bar No. 111220
      100 Bayview Circle, Ste. 5600
      Newport Beach, CA 92660
      Telephone: 949.737.1501
      Facsimile: 949.737.1504
      Email: rlopez@lopezmchugh.com
      Email: cfountain@lopezmchugh.com

      CRUSE, SCOTT, HENDERSON
      & ALLEN, L.L.P.
      Samuel A. Houston
      Texas Bar Number:  10059550
      Federal Bar Number: 10606
      T. Scott Allen, Jr.
      Texas Bar Number: 01059700
      Federal Bar Number: 0064
      2777 Allen Parkway, 7th Floor
      Houston, Texas 77019
      Telephone: (713) 650-6600
      Facsimile: (713) 650-1720
      Email:  shouston@crusescott.com
      Email:  sallen@crusescott.com

      *Attorneys for Plaintiffs INGRID FISHER, Individually and as successor in interest to Decedent Steven Fisher, et al.*

## CERTIFICATE OF CONFERENCE

I HEREBY CERTIFY THAT Plaintiffs' counsel conferred with Defendants' counsel on several different dates in November and December expending at least 4-5 hours concerning the subject of this motion. Plaintiffs' counsel specifically reviewed each of defendants' discovery requests almost word for word and identified all previous interrogatories and requests for production that had already been answered that were cumulative and duplicative, sometimes even verbatim, of the currently proposed discovery defendants sought to serve. After my extensive discussions with defense counsel, Bruce Hurley, I had hoped defendants would serve specific and particularized discovery requests, although specific agreement could not be reached. Mr. Hurley and I completed our discussions before Christmas and defendants served the current discovery on January 8, 2010. My office received the discovery on January 11, 2010. The court's intervention is requested and this motion is presented to the Court for determination.

Dated: January 19, 2010

                                                          LOPEZ MCHUGH LLP

By: _____
Ramon Rossi Lopez
California Bar No. 086361
Christina Anne Fountain
California Bar No. 111220
100 Bayview Circle, Ste. 5600
Newport Beach, CA 92660
Telephone: 949.737.1501
Facsimile: 949.737.1504
Email: rlopez@lopezmchugh.com
Email: cfountain@lopezmchugh.com
***Counsel admitted Pro Hac Vice***

CRUSE, SCOTT, HENDERSON
& ALLEN, L.L.P.
Samuel A. Houston
Texas Bar Number:  10059550
Federal Bar Number: 10606
T. Scott Allen, Jr.
Texas Bar Number: 01059700
Federal Bar Number: 0064
2777 Allen Parkway, 7th Floor
Houston, Texas 77019
Telephone: (713) 650-6600
Facsimile: (713) 650-1720
Email:  shouston@crusescott.com
Email:  sallen@crusescott.com

*Attorneys for Plaintiffs INGRID FISHER, Individually and as successor in interest to Decedent Steven Fisher, et al.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2009 a true and correct copy of the foregoing was served on the following through their counsel of record via U.S. Mail and ELECTRONIC TRANSMISSION (EMAIL) and/or facsimile, as addressed as follow:

Robert E. Meadows
Bruce Hurley
Christie Cardon
King & Spalding, LLP
1100 Louisiana, Suite 4000
Houston, Texas 77002
rmeadows@kslaw.com
bhurley@kslaw.com
ccardon@kslaw.com
Facsimile: 713-751-3290

Raymond B. Biagini
Herbert Lawrence Fenster
David Kasanow
McKenna Long & Aldridge LLP
1900 K. Street, N.W.
Washington DC 20006
rbiagini@mckennalong.com
hfenster@mckennalong.com
dkasanow@mckennalong.com
Fax: 202-496-7756

***Attorneys for Defendants***
***Halliburton, et al.***

____________________________________
Christina Fountain